IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. REINERT, SR<br><br>Appellant,<br><br>vs.<br><br>ANDREW R. VARA, PAMELA J. WILSON, CPA THOMAS GOLDEN. GEOFFREY F. FREIDEBERG, GARY L. REINERT, JR., FREDERICK S. MCMILLEN, DONALD WILLIAMS, MICHAEL SHULER<br><br>Appellees, | 2:20-cv-00380<br><br>Bankruptcy Appeal |

OPINION

Appellant, Gary L. Reinert, Sr, brings the within bankruptcy appeal against Appellees, Andrew R. Vara, Pamela J. Wilson, Robert Shearer, CPA Thomas Golden, Geoffrey F. Freideberg, Gary L. Reinert, Jr., Frederick S. McMillen, Donald Williams, and Michael Shuler from an order denying his motion to reopen his case. The matter is now ripe for consideration.

Upon consideration of Appellant's Brief and Exhibits in Support (ECF No. 16), Andrew R. Vara's Brief (ECF No. 18), Geoffrey F. Feideberg, Frederick S. McMillen, and Michael Shuler's Brief (ECF No. 19), Pamela J. Wilson's Joinder Brief (ECF No. 20), Robert Shearer's Joinder Brief (ECF No. 21), Thomas Golden's Joinder Brief (ECF No. 24), Appellant's Responses and Replies (ECF Nos. 27, 28, and 29), the arguments of the parties and counsel, and for the following reasons, the bankruptcy court Order dated February 25, 2020, denying Appellant's motion to reopen, will be affirmed.

I.      Background

On May 2, 2011 Mr. Reinert filed a personal voluntary petition for protection under chapter 11 of the Bankruptcy Code. (ECF No. 1-2[1]). That same day, six companies, controlled by Mr. Reinert, (Reinert Companies) filed their own chapter 11 cases.[2] Following the filing of these seven petitions, the United States District Court for the Western District of Pennsylvania appointed a receiver to control the assets of Mr. Reinert and his companies. (ECF NO. 41). Subsequently, a dispute arose about whether Mr. Reinert could petition for bankruptcy on behalf of the Reinert Companies.  (ECF Nos. 12 and 19). On May 11, 2011, the receiver ratified the bankruptcy filings and a consent order to resolve the issue was entered by the bankruptcy court. The bankruptcy court also ordered the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) in all seven cases. (ECF No. 41).

Within the year after filing for bankruptcy, Mr. Reinert's and the Reinert Companies' cases were converted from chapter 11 reorganization cases to chapter 7 liquidation cases. (ECF Nos. 747 and 832). The bankruptcy court denied Mr. Reinert a discharge of his debts because he failed to comply with disclosure requirements.  (ECF No. 1379). Mr. Reinert did not appeal the bankruptcy court's denial of his discharge. The chapter 7 trustee completed his administration of Mr. Reinert's bankruptcy estate and filed a final report and final account as required by 11 U.S.C. § 704(a)(9).  (ECF Nos. 1687 and 1710).  Mr. Reinert moved to have his personal case remain open until the trustees in Mr. Reinert's and the Reinert Companies' bankruptcy cases filed all outstanding tax returns. (ECF Nos. 1711, 1716, and 1730). In an order entered on

---

[1] Citations refer to the ECF entries in the bankruptcy docket unless otherwise noted.
[2] Power Contracting, Inc., Case No. 11-22841-JAD; MFPF, Inc., Case No. 11-22842-JAD; Metal Foundations, LLC, Case No. 11-22843-JAD; Dressel Associates, Inc., Case No. 11-22844-JAD; Flying Roadrunner, Inc., Case No. 11-22845-JAD; and Grille on 7th, Inc., Case No. 11-22846-JAD

October 14, 2015, the bankruptcy court asked the United States Trustee to investigate whether the chapter 7 trustee had "complied with the applicable laws concerning the filing of tax returns for the bankruptcy estate" as well as "the applicable duties to furnish the tax return information to" Mr. Reinert. (ECF No. 1729). In his report, the United States Trustee found no improprieties, recommended that the chapter 7 trustee be discharged of his duties, and that a final decree be entered to close Mr. Reinert's bankruptcy case. (ECF No. 1737). Mr. Reinert objected to the United States Trustee's report and recommendation. (ECF Nos. 1742 and 1743). Mr. Reinert then filed a "Motion to Involve Department of Treasury, Internal Revenue Service, Criminal Investigation," wherein he alleged that the chapter 7 trustee had filed "fraudulent Financials and Schedules" in his bankruptcy case, and that the bankruptcy court was "being deceived, misinformed and lied to by the Trustees." (ECF No. 1751). The bankruptcy court overruled the objections, denied the motion, and entered a final decree closing the case on February 26, 2016. (ECF Nos. 1771 and 1772). Mr. Reinert filed objections to the bankruptcy court's decisions, which were denied. (ECF Nos. 1777, 1778, 1780, and 1781). Mr. Reinert's case was closed on April 14, 2016. (ECF No. 1783). It was reopened for a creditor to restrict public access to personally identifiable information in a proof of claim and then closed again on April 5, 2017. (ECF No. 1787).

Two and a half years later, Mr. Reinert sought an ex parte conference with the bankruptcy court. On November 18, 2019, Mr. Reinert filed a pro se "Ex Parte Motion for an Ex Parte Conference with the Court." (ECF No. 1788). In his motion, Mr. Reinert stated that he had uncovered evidence of fraud and claimed that Metal Foundations, LLC had been "stolen" from him by a group of "fraudsters" that included both his son, Gary Reinert, Jr., and his son-in-law, Mr. McMillen. *Id.* As alleged, this theft occurred before his and the company's May 2, 2011

3

bankruptcy filings. *Id*. Mr. Reinert also asserted that, prior to the bankruptcy filings, the purported fraudsters embezzled millions of dollars from him and that, if not for that embezzlement, he would not have filed for bankruptcy. *Id*. Mr. Reinert alleged that, if he had known about these facts, he would have initiated adversary proceedings against the purported fraudsters during his bankruptcy case "seeking recovery of the stolen money and acquiring ownership of [Metal Foundations, LLC] as a non-debtor company." *Id*.

On November 19, 2019, the bankruptcy court denied Mr. Reinert's motion. (ECF No. 1789). A few days later, on November 22, 2019, Mr. Reinert filed another pro se motion, which the bankruptcy court treated as a motion to reopen his bankruptcy case under 11 U.S.C. § 350(b). (ECF Nos. 1790 and 1791). The bankruptcy court explained that under section 350(b), a bankruptcy case may be reopened "'to administer assets, to accord relief to the debtor, or for other cause.'" (ECF No. 1791) (quoting 11 U.S.C. § 350(b)). Judge Deller noted, however, that "a case should not be opened where it would be futile or a waste of judicial resources." *Id*. The bankruptcy court noted that Mr. Reinert's motion did not state what relief he sought if the case were reopened, whether the court could grant that relief, or whether there would be assets for distribution to creditors if causes of action were allowed to proceed. *Id*. at pp. 3-4. But, given the seriousness of Mr. Reinert's allegations, the court asked the Office of the United States Trustee to "perform whatever investigation it deem[ed] appropriate and submit a report and recommendation" on the merits of Mr. Reinert's motion. *Id*.

In his post-investigation report and recommendation, the United States Trustee stated that his office, along with other law enforcement agencies, met with Mr. Reinert to review his allegations. (ECF No. 1797 at pp. 1-2). After his investigation, the United States Trustee reported that he "was unable to determine a basis to reopen." *Id*. at p. 2. The United States Trustee noted,

4

however, that if Mr. Reinert's allegations are meritorious, he could have recourse in state court against those who allegedly defrauded him, but Mr. Mr. Reinert explained that he had not pursued litigation in state court because he lacked funds to pay an attorney. *Id*. at pp. 2-3. The United States Trustee also noted that any argument that Metal Foundations, LLC had been placed in bankruptcy improperly, because Mr. Reinert allegedly was not the actual owner at the time of the filing, lacked merit because the receiver in control of the Reinert Companies at the time they filed for bankruptcy had ratified the filings. *Id.* The United States Trustee concluded that he could identify no meritorious basis to reopen the case and recommended that Mr. Reinert be required to explain to the court the relief he sought with greater specificity. *Id*. at 3-4. Mr. Reinert filed two responses on February 4, 2020 and February 21, 2020, once again alleging "fraud upon the court" committed by "Fraudsters" and "Wrongdoers." (ECF Nos. 1801 and 1802). Mr. Reinert reiterated his claims of pre-petition fraud and embezzlement from his companies, included additional details, and attached documents regarding his allegations. *Id*. Mr. Reinert also repeated claims he made while his bankruptcy case was open, he continued to claim that the chapter 7 trustees and attorneys for Metal Foundations LLC had not properly prepared the bankruptcy schedules. (ECF No. 1802 at pp. 9-10). Mr. Reinert asserted that the attorney for the United States Trustee had either not read or misunderstood the documents Mr. Reinert had submitted. (ECF No. 1801 at p. 1). Mr. Reinert additionally alleged fraud by the chapter 7 trustee, the United States Trustee, and others, based upon their alleged failure to verify documents or to conduct due diligence. (ECF No. 1802 at p. 8). Mr. Reinert further alleged that the United States Trustee had committed "Fraud upon the Court," "Fraud by Deception," and "Fraud by Being Deceitful"—all because the United States Trustee had acted by and through counsel, rather than personally, in investigating and reporting upon Mr. Reinert's allegations. *Id*. at pp. 11-12. Mr. Reinert reiterated that his allegations warranted

5

reopening his bankruptcy case, but he did not specify any relief that he wanted to receive from the bankruptcy court if the case was reopened.

On February 25, 2020, the bankruptcy court entered an order denying Mr. Reinert's motion to reopen the case. (ECF No. 1803). After reviewing Mr. Reinert's allegations regarding Metal Foundations LLC and the actions of the trustees and professionals in his and Metal Foundations, LLC's bankruptcy cases, the bankruptcy court held that "[v]irtually all of these grievances have previously been litigated," "have already been rejected," and, when appealed, "affirmed on appeal." *Id*. at pp. 3-4. Accordingly, the bankruptcy court denied Mr. Reinert's motion because (1) reopening Mr. Reinert's bankruptcy case would be futile, and (2) the court could not discern any relief that could be accorded Mr. Reinert. *Id*. at p. 4. Mr. Reinert timely filed a notice of appeal from the bankruptcy court's order denying his motion to reopen. (ECF NO. 1805).

Using Mr. Reinert's words, he raises the following seven issues on appeal:

1. Gary L Reinert Sr's first appeal is related to Criminal FRAUD perpetrated against the Appellant and the Bankruptcy Court where as a Company called Metal Foundations, LLC was stolen. Over $3,630,513.88 Embezzled in 2008 and on May 2, 2011 when the Appellant filed Bankruptcy the Four Fraudsters, (Gary L. Reinert Jr, Frederick S. McMillen, Donald Williams and Michael Shuler) knowingly committed FRAUD UPON THE COURT (ECF No. 1815 at p. 2).

2. Gary L Reinert Sr's second appeal is related to FRAUD UPON THE COURT, wrongdoers: Report and Recommendation. Andrew Vara. (ECF NO. 1815-2 at p. 2).

3. Gary L Reinert Sr's third appeal is related to FRAUD UPON THE COURT, wrongdoers: Report and Recommendation. Robert Shearer (ECF NO. 1815-3 at p. 2).

4. Gary L Reinert Sr's fourth appeal is related to FRAUD UPON THE COURT, wrongdoers: Report and Recommendation. Pamela J. Wilson (ECF NO. 1815-4 at p. 2).

5. Gary L Reinert Sr's fifth appeal is related to FRAUD UPON THE COURT, wrongdoers: Report and Recommendation. CPA Thomas Golden. (ECF NO. 1815-5 at p. 2).

6. Gary L Reinert Sr's sixth appeal is related to FRAUD UPON THE COURT, wrongdoers: Report and Recommendation. CEO Geoffrey F. Feidelberg. (ECF NO. 1815-6 at p. 2).

7. Gary L Reinert Sr's seventh appeal is related to MEMORANDUM ORDER DENYING MOTION TO RE-OPEN. (ECF NO. 1815-7 at p. 2).

As explained below, the scope of this Court's appellate jurisdiction is to review the bankruptcy court's decisions. Here, the decision under review is Judge Deller's decision to deny Mr. Reinert's Motion to Re-Open. Therefore, this Court will only address the issue raised in Mr. Reinert's seventh appeal, whether the bankruptcy court abused its discretion by denying Mr. Reinert's motion to reopen his bankruptcy case under 11 U.S.C. § 350(b)?

II.     Standard of Review

The bankruptcy court's conclusions of law are reviewed de novo, and its findings of fact for clear error. *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. The Village at Lakeridge, LLC*, 138 S. Ct. 960, 965–66 (2018). Where a mixed question of law and fact requires the court to consider facts as a whole and to balance them against each other, appellate review is for clear error. *Id*. at 968. However, a bankruptcy court's denial of a motion to reopen a case under 11 U.S.C. § 350(b) is reviewed for abuse of discretion. *See Judd v. Wolfe*, 78 F.3d 110, 116 (3d Cir. 1996); *see also Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010) (holding bankruptcy courts have "broad discretion" regarding motions to reopen). A court abuses its discretion when it "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015) (internal quotation omitted). A bankruptcy court's decision is only found

to be an abuse of discretion if "no reasonable person would adopt" its view. *Solow v. PPI Enters. (US), Inc.* (*In re PPI Enters. (US), Inc.*), 324 F.3d 197, 211 (3d Cir. 2003).

### III. Discussion

Mr. Reinert contends that the bankruptcy court should have reopened his closed bankruptcy case due to purported "newly discovered evidence," which proved "Fraud upon the Court, Fraud on Gary Reinert Sr, Fraud on the Internal Revenue Service and Fraud on the Creditors," for which he asserts that he should receive "a minimum of" $30 million "for the time and suffering he had to go through" because of the sale of Metal Foundations, LLC's assets. Mr. Reinert's has alleged prepetition fraud based on his alleged discovery that he never really owned Metal Foundations, LLC, as well as alleged embezzlement from his companies. He also argues that professionals and case trustees in his and his related companies' bankruptcy cases, as well as the United States Trustee, did not perform adequate due diligence because they failed to discover the alleged fraud. At the time of oral argument, Mr. Reinert clarified that he was not requesting that the bankruptcy court reopen his case but to have the bankruptcy initiate action against the alleged perpetrators, who had committed "fraud upon the court." Instead, he claims that Fed. R. Civ. P. 60 and Fed. R. Bkr. P. 9024 provide an avenue of relief.

Appellees argue that this Court should affirm the bankruptcy court because it did not abuse its discretion when it denied Mr. Reinert's motion to reopen his closed bankruptcy case. Specifically, they argue that the bankruptcy court applied the correct legal standard and committed no clear error of fact in determining that no purpose would be served by re-opening Mr. Reinert's case. On two occasions, the United States Trustee conducted investigations, wherein he found no improprieties or bases to reopen. (ECF Nos. 1737 and 1797). After reviewing Mr. Reinert's allegations, regarding Metal Foundations LLC and the actions of the

trustees and professionals in his and Metal Foundations, LLC's bankruptcy cases, the bankruptcy court held that "[v]irtually all of these grievances have previously been litigated," "have already been rejected," and, when appealed, "affirmed on appeal." *Id.* at pp. 3-4. Accordingly, the bankruptcy court denied Mr. Reinert's motion because (1) reopening Mr. Reinert's bankruptcy case would be futile, and (2) the court could not discern any relief that could be accorded Mr. Reinert. *Id.* at p. 4.

Before turning to the standard applied for reopening a bankruptcy case, the Court will examine whether the bankruptcy court should have considered Mr. Reinert's allegations under Fed. R. Civ. P. 60 as incorporated by Fed. R. Bkr. P. 9024. Rule 60 of the Federal Rules of Civil Procedure allows a court to provide litigants "[r]elief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *see also Koch v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition[ ] that the finality of judgments is a sound principle that should not lightly be cast aside"). Rule 60 " 'seeks to rectify judgments improperly entered because of misrepresentations and unfair litigation tactics;' it is not intended to provide an opportunity to reargue fraud-based claims dismissed on the merits." *Agcaoili v. Stanley*, No. 08-2715, 2009 WL 10698038, at *2 n.2 (D.N.J. June 9, 2009) (quoting *Optimal Health Care Servs. v. Travelers Ins. Co.*, 801 F. Supp. 1558. 1561 (E.D. Tex. 1992)). To prevail on a Rule 60(b)(3) motion, "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

9

Here, a Rule 60 analysis would be misplaced. Mr. Reinert's claims of fraud do not relate to litigation tactics during the course of his bankruptcy proceeding but rather prepetition actions. Furthermore, Mr. Reinert's bankruptcy proceedings were non-adversarial and unrelated to the parties that he has named in this appeal. Accordingly, Rule 60 does not provide an avenue for Mr. Reinert to seek any relief based upon the alleged fraud.

Turning to the standard employed by the bankruptcy court, under section 350(b), a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Reopening a bankruptcy case is a ministerial act that, in itself, has no substantive effect. *In re Frazer/Exton Dev., L.P.*, 503 B.R. 620, 635 (Bankr. E.D. Pa. 2013). Under Third Circuit precedent, reopening of a bankruptcy case rests with the sound discretion of the bankruptcy court. *In re Lazy Days' RV Center, Inc.*, 724 F.3d 418, 422-23 (3d. Cir. 2013). A bankruptcy case should not be reopened where it would be a futile exercise or a waste of judicial resources. *See Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010). If the moving party cannot obtain the substantive relief which it intends to seek, "then there is no reason to grant a motion to reopen." *Frazer/Exton Dev.*, 503 B.R. at 635. A bankruptcy judge may consider a number of nonexclusive factors in determining whether to reopen, including (1) the length of time that the case has been closed; (2) whether the debtor would be entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the claims. *Redmond*, 624 F.3d at 798 (citing *In re Antonious,* 373 B.R. 400, 405–06 (Bankr.E.D.Pa.2007)).

Here, the bankruptcy court granted Mr. Reinert great flexibility in addressing his request that it reopen his case after it had been closed for two and a half years. The Court even appointed the Office of the United States Trustee to investigate whether Mr. Reinert presented

any basis for relief. (ECF No. 1791). After this Court's thorough review of the record, the bankruptcy court did not err in finding that reopening Mr. Reinert's case was futile. Mr. Reinert did not seek any relief that the bankruptcy court could afford at this point even if it had reopened his case. Further, he did not seek any relief that was not more appropriately sought in state court. The bankruptcy court correctly held that to the extent Mr. Reinert was re-raising issues that the bankruptcy court had already ruled upon, his motion was futile. *See, e.g., Frazer/Exton Dev.*, 503 B.R. at 635. Mr. Reinert did not challenge or appeal the denial of his discharge. Rather, Mr. Reinert claimed that he would never have filed for bankruptcy in the first place had it not been for the alleged pre-petition fraud. Moreover, there would be no reason to reopen the bankruptcy case for the purpose of Mr. Reinert pursuing his fraud claims as adversary proceedings because, to the extent Mr. Reinert's claims have any merit, he could have prosecuted them in state court. *See Redmond*, 624 F.3d at 803 (affirming denial of motion to reopen in part because state court was appropriate forum to litigate alleged claims). The crux of Mr. Reinert's contentions, as made clear at the time of oral argument, was that the bankruptcy court should have acted because of the alleged fraud. Mr. Reinert's allegations of fraud sound in either criminal activity or under civil tort law. Neither the bankruptcy court nor this Court is tasked with the prosecution of crimes or initiation of civil cases. Moreover, the closed bankruptcy matter, regarding matters that allegedly occurred prepetition and unrelated to the disposition of the bankruptcy, is not the conduit to litigate the alleged fraud. Therefore, Mr. Reinert has not met his burden to establish that reopening his case would not have been either futile or a waste of judicial resources. Thus, the record reflects that the bankruptcy court did not abuse its discretion. Accordingly, the judgment of the bankruptcy court will be affirmed.

IV.     Conclusion

After consideration of the foregoing, the February 25, 2020 decision of the bankruptcy court to deny re-opening of Appellant's bankruptcy case will be affirmed. A separate order will issue.

BY THE COURT:

Dated: Aug 27, 2020

Marilyn J. Horan
United States District Court

CC (via mail):

GARY L. REINERT, SR.
815 Charles Street
Apt 20
Carnegie, PA 15106

PAMELA J. WILSON
810 Vermont Avenue
Pittsburgh, PA 15234

THOMAS GOLDEN
3740 Mount Royal Blvd.
Allison Park, PA 15101

GEOFFREY F. FEIDEBERG
1821 Willow Oak Drive
Wexford, PA 15090

MICHAEL SHULER
834 Post Road
Allison Park, PA 15101

DONALD WILLIAMS
1264 Stanford Court
Coraopolis, PA 15108

FREDERICK S. MCMILLEN
4900 Cherry Street
Allison Park, PA 15106

GARY L. REINERT, JR.
109 Rana Lane
Gibsonia, PA 15044